UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ALEXANDER G.C.,[1]

Petitioner,

v.

WARDEN, MESA VERDE DETENTION CENTER,

Respondent.

No. 1:26-cv-08867-TLN-JDP

A # 244-892-062

**RELEASE ORDER**

This matter is before the Court on Petitioner David Alexander G.C.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondent filed an opposition. (ECF No. 6.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondent is ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States on January 15, 2025. (ECF No. 6 at 16.) He was granted parole and allowed to remain in the United States until April 24, 2026. (*Id.*; ECF No. 1 at 2.) U.S. Immigration and Customs Enforcement ("ICE") issued Petitioner an Order of Release on Recognizance ("OREC") on January 14, 2026. (ECF No. 6 at 12–13.) While in the United States, Petitioner filed for asylum. (ECF No. 1 at 2.)

On May 29, 2026, Petitioner was arrested for misdemeanor hit and run but otherwise has no criminal history. (ECF No. 6 at 16, 18.) U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner at a check in appointment on October 14, 2026, asserting that the hit and run arrest was a violation of Petitioner's OREC. (*Id.* at 18.) Petitioner was subsequently transferred to Mesa Verde Detention Facility. (ECF No. 1 at 1.)

On October 28, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause and

Immigration and Nationality Act ("INA"). (ECF No. 1 at 4–5.) In opposition, Respondent contends Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"), but argues that should the Court hold otherwise, the proper remedy is to order that Petitioner receive a bond hearing in immigration court. (ECF No. 6 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. <u>Liberty Interest</u>

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

Respondent's sole argument is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Respondent's argument as to the applicability of § 1225(b) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the

statute is incorrect. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).

The mandatory detention scheme of § 1225(b) applies only to noncitizens entering the United States at the border. *Id.* at 1172. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("§ 1226(a)"). *Id.* at 1165. Additionally, the government's decision to release Petitioner on parole and OREC and allow him to remain in the community created a powerful liberty interest. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. Procedures Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport

with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Most significantly, Petitioner has not been afforded the "initial bond hearing before a neutral decisionmaker" to which he is entitled by statute. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022).

Respondent briefly argues that Petitioner's arrest for a hit and run suggests that he is a flight risk. (ECF No. 6 at 1.) The Court is unpersuaded by this argument, which, in any case, Respondent fails to meaningfully develop. ICE's I-213 reports the offense as "misdemeanor hit and run" and Respondent's opposition states that Petitioner was arrested for "Hit and Run by Runaway Vehicle: Property Damage." (ECF No. 6 at 1, 18.) The government has not provided a RAP sheet, other record of the arrest, or indication of which statute local authorities allege Petitioner violated. Given Respondent's statement that the offense involved only "property damage" caused by a "runaway vehicle" the only reasonable inference is that the arrest was for an alleged violation of California Vehicle Code section 20002(b), and that there was no allegation of injury to another person. *See* Cal. Veh. Code § 20002(b) ("Any person who parks a vehicle which, prior to the vehicle again being driven, becomes a runaway vehicle and is involved in an accident resulting in damage to any property, attended or unattended, shall comply with the requirements of this section relating to notification and reporting and shall, upon conviction thereof, be liable to the penalties of this section for failure to comply with the requirements."). This significantly undercuts any inference of dangerousness Respondent wishes the Court to draw from this single arrest. Moreover, to the extent Respondent relies on an arrest rather than a charge or conviction to justify Petitioner's detention, this raises significant due process concerns. *Cf. Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021 at *2 (E.D. Cal. Feb. 2, 2026) (applying canon of constitutional avoidance to interpret 8 U.S.C. § 1226(c) to apply only to currently charged offenses, and not those which have been dismissed or of which the petitioner has been acquitted).

Third, the government's interest in detaining Petitioner without notice and a pre-

deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondent. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondent articulates no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner David Alexander G.C. A# (244-892-062) from custody on the same conditions of his prior release. At the time of release, Respondent must return all of Petitioner's documents and possessions. Respondent shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

2. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondent shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

3. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 2.)

4. **The Clerk of Court is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE